Filed 10/6/21  P. v. Hebert CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>THOMAS J. HEBERT,<br><br>    Defendant and Appellant. | D078750<br><br><br><br>(Super. Ct. No. SCN415482) |

APPEAL from a judgment of the Superior Court of San Diego County, Sim von Kalinowski, Judge.  Affirmed as modified; remanded with directions.

Laura Vavakin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Robin Urbanski and Meredith S. White, Deputy Attorneys General, for Plaintiff and Respondent.

In 2020, Thomas Hebert was arrested for transportation and possession of methamphetamine and fentanyl for sale.  He was released on bail.  While on bail, Hebert committed two more felonies.  In this appeal, he challenges

only the sentence imposed on the possession for sale charge.  Specifically, he challenges an electronic search condition and various fines.  The People agree the fines have to be corrected but contend the search condition is valid on this record.

We will find Hebert's challenge to the search condition, which was raised in the trial court, is not meritorious and that his newly raised claim that the condition is overbroad has been forfeited by his failure to object on that ground in the trial court.  We will affirm the grant of probation but remand to permit the trial court to correct those fines affected by Assembly Bill No. 1869 (2019-2020 Reg. Sess.) (Assembly Bill 1869).

## FACTUAL AND PROCEDURAL BACKGROUND

This appeal is from a guilty plea.  We will utilize the testimony from the preliminary hearing as well as the summary of facts from the probation report to briefly describe the circumstances of the underlying crimes.

Responding to an emergency call on June 6, 2020, San Diego Sheriff's deputies found a woman lying on the ground.  She was crying and bleeding.  The woman claimed that she got into an argument with Hebert, and Hebert hit her on the head with a skateboard and then cut her with a knife.  The woman described Hebert and was taken to the hospital for evaluation.  At that time, the deputies could not locate Hebert.

On July 13, 2020, sheriff's deputies received information that Hebert was at Valley View Casino.  Deputies arrived at the casino, found Hebert playing slot machines inside the casino, and arrested him.  Following his arrest, deputies searched Hebert and his vehicle.  They recovered multiple different controlled substances (including fentanyl, methamphetamine, and heroin) and numerous other items related to the sale of narcotics.  At that

time, deputies also recovered Hebert's cell phone from his person and a hard drive from inside his vehicle.

Hebert entered into a plea agreement in which he resolved this case and two other cases that are not the subject of this appeal. In this case, Hebert pled guilty to possession of fentanyl for sale (Health and Saf. Code, § 11351). The remaining charges and allegations in this case were dismissed. The parties agreed to local custody as a condition of probation. Hebert agreed to a *Harvey*[1] waiver, allowing the court to consider dismissed charges at sentencing. He also pled guilty to two felony charges, which were committed, in separate cases, while this case was pending.[2] Hebert was sentenced to local prison for a term of five years eight months. The execution of sentence was suspended, and Hebert was granted probation, subject to 365 days in local custody and various other conditions.

Hebert filed a timely notice of appeal.

DISCUSSION

I

THE ELECTRONIC SEARCH CONDITION

A. Hebert's Contentions

Hebert contends the trial court erred when it imposed, as a condition of probation, a requirement that he consent to warrantless searches of his computer and recordable media devices. He asserts this electronic search condition is unconstitutionally overbroad and that the condition is

---

[1] *People v. Harvey* (1979) 25 Cal.3d 754.

[2] In San Diego Superior Court case No. SCN420681, Hebert pled guilty to unlawful taking and driving of a vehicle (Veh. Code, § 10851, subd. (a)). In San Diego Superior Court case No. SCS312647, he pled guilty to assault with force likely to cause great bodily injury (Pen. Code, § 245, subd. (a)(4)).

unreasonable under *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*).  The People counter that Hebert forfeited his overbreadth challenge to the condition because he did not object below.  In addition, the People argue the electronic search condition satisfies the requirements of *Lent* because it is reasonably related to both Hebert's underlying criminal conduct and the prevention of future criminal conduct.  The People have the better arguments.

## B.  Background

Before the grant of probation in this case, Hebert had been granted summary probation six times and formal probation an additional three times.  In all prior attempts at probation, Hebert was unsuccessful, and probation was ultimately terminated.  During every previous probation term, Hebert sustained multiple probation violations, revocations, and failures to appear.  Additionally, he consistently committed new crimes while on probation.  As part of the plea agreement here, Hebert entered a *Harvey* waiver that provided as follows:  "The sentencing judge may consider my prior criminal history and the entire factual background of the case, including any unfiled, dismissed or stricken charges or allegations or cases when granting probation, ordering restitution or imposing sentence."

Relevant here, in 2018, while officers executed a search warrant for the home where Hebert was living, they found a "golf ball sized chunk of heroin" in Hebert's bedroom.  In addition, they located two cell phones, a laptop computer, and an iPad—all also in Hebert's bedroom.  After a search warrant was obtained for the iPad, a search revealed incoming and outgoing Facebook Messenger messages indicating Hebert was involved in the possession and sale of narcotics.

Here, the probation officer recommended imposition of a "Fourth Waiver" "to properly supervise [Hebert] and ensure his compliance on

4

probation." Paragraph 6(n) of the order granting probation provides that Hebert shall, "[s]ubmit person, vehicle, residence, property, personal effects, computers and recordable media to a search at any time with or without a warrant, and with or without reasonable cause, when required by P.O. or law enforcement officer."

At the sentencing hearing, Hebert's counsel objected to the waiver of Hebert's Fourth Amendment rights in paragraph 6(n), but only asking the court to strike "computers and recordable media" under *In re Ricardo P.* (2019) 7 Cal.5th 1113 (*Ricardo P.*). Counsel argued that portion of the condition should be stricken because there was no logical nexus between it and the facts of the underlying offense, noting that a cell phone or computer was not used to commit the crime.

The prosecution argued the electronic search condition was necessary in this matter, contending that "just because a phone wasn't gathered and used as evidence to support this charge . . . [does not] eliminate[ ] all nexus between common sense of how drug deals are conducted in today's world, and compound that on [Hebert's] other case, which involved fraudulent use of personal identifying information of others, fraudulent applications to driver's license information." The prosecutor further argued it was "not a leap to think that he is using electronic means to facilitate" drug sales.

The court imposed the search condition as written, observing "in this day and age, it is virtually impossible to believe that drugs are not sold by anyone without the use of a cell phone."

## C. Analysis

A condition of probation or supervision will not be held invalid as unreasonable " 'unless it "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal,

5

and (3) requires or forbids conduct which is not reasonably related to future criminality." ' " (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1118, quoting *Lent*, *supra*, 15 Cal.3d at p. 486.) All three prongs of the *Lent* test must be satisfied before a reviewing court will invalidate a probation term. (*Ricardo P.*, at p. 1118; *People v. Relkin* (2016) 6 Cal.App.5th 1188, 1194.)

In the instant matter, Hebert argues the inclusion of computers and recordable media was unreasonable because: (1) none of the criminal conduct for which he was convicted implicated his use of electronics and (2) the court had no reason to suspect that Hebert would use his computer or recordable media to perpetrate criminal conduct. Put differently, Hebert maintains the electronic search condition is neither reasonably related to the subject crime nor future criminality. To this end, Hebert relies on *Ricardo P.*, *supra*, 7 Cal.5th 1113.

In *Ricardo P.*, a minor was placed on probation after admitting two counts of felony burglary and the juvenile court required the minor submit to warrantless searches of his electronic devices as a condition of probation. (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1115.) Our high court concluded the electronic search condition was invalid under the third prong of the *Lent* test because the burden imposed on the juvenile probationer's privacy was substantially disproportionate to the interests of rehabilitation and protecting society when there was no evidence an electronic device was involved in the crime. (*Id.* at pp. 1119-1120.) The court noted there was no suggestion in the record that the minor "ever used electronic devices to commit, plan, discuss, or even consider unlawful use or possession of drugs or any other criminal activity." (*Id.* at p. 1119.)

The California Supreme Court explained that an appropriate probation condition may be connected not only to the crime for which probation is

6

granted, but also the probationer's personal and criminal history. (*Ricardo P., supra*, 7 Cal.5th at p. 1120.)  The court reasoned "that 'conditions of probation aimed at rehabilitating the offender need not be so strictly tied to the offender's precise crime' [citation] so long as they are 'reasonably directed at curbing [the defendant's] future criminality' [citation]." (*Id.* at p. 1122.)  Indeed, the court noted that "courts may properly base probation conditions upon information in a probation report that raises concerns about future criminality unrelated to a prior offense." (*Ibid.*)  Thus, *Lent*'s third prong requirement that a probation condition be " ' "reasonably related to future criminality" ' " contemplates a degree of proportionality between the burden imposed by a probation condition and the legitimate interests served by the condition." (*Ibid.*)

We conclude the electronic search condition here is valid under *Lent* and *Ricardo P.*  It is reasonably related to future criminality because it is proportional to legitimate interests served by the condition.

According to the probation report, Hebert has a long history of drug related offenses.  In addition, he has a dismal record while on probation.  He has been granted summary probation on six occasions, and on all six occasions he "sustained multiple revocations for his failure to abide by his conditions of probation."  Moreover, he committed new crimes while on summary probation in each of these six grants.  Hebert has been convicted of numerous drug related crimes, including in September 2018, where, upon conducting a search in a house in which Hebert was staying, officers found "a golf ball sized chunk of heroin, US currency, Xanax pills, two cellular phones, a laptop, [and] an iPad" in Hebert's room.  When the iPad was later searched, several Facebook messenger incoming and outgoing messages were located indicating Hebert's involvement in the possession and sale of narcotics.

Therefore, this is not a case like *Ricardo P.*, where the court noted there was no suggestion in the record that the minor used electronic devices in any way related to his criminal activity. (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1119.) To the contrary, Hebert's extensive criminal history includes his previous use of computers and social media in connection with his possession and sale of narcotics. In this instance, the trial court properly considered Hebert's personal and criminal history. (See *id.* at p. 1120.) Given his history and Hebert's consistent poor performance while on probation, the electronic search condition is reasonably related to Hebert's future criminality and appropriately apportioned between the burden imposed and the legitimate interests served by the condition. (See *ibid.*)

Having concluded that the electronic search condition is reasonable under *Lent* and *Ricardo P.*, we turn next to Hebert's claim that the condition is unconstitutionally overbroad. " ' "The essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights—bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement." ' " (*People v. Patton* (2019) 41 Cal.App.5th 934, 946.) Yet, Hebert did not raise an overbreadth challenge to the electronic search condition below.

Challenges to probation conditions ordinarily must be raised in the trial court; if they are not, appellate review of those conditions will be deemed forfeited. (*People v. Welch* (1993) 5 Cal.4th 228, 234-235 (*Welch*) [extending the forfeiture rule to a claim that probation conditions are unreasonable when the probationer fails to object on that ground in the trial court].) However, a defendant who did not object to a probation condition at sentencing may raise a challenge to that condition on appeal if the

defendant's appellate claim "amount[s] to a 'facial challenge,' " i.e., a challenge that the "phrasing or language . . . is unconstitutionally vague and overbroad," and the determination whether the condition is constitutionally defective "does not require scrutiny of individual facts and circumstances but instead requires the review of abstract and generalized legal concepts—a task that is well suited to the role of an appellate court." (*In re Sheena K.* (2007) 40 Cal.4th 875, 885 (*Sheena K.*).)

Because Hebert did not object on overbreadth grounds in the trial court to the electronic search condition, he has forfeited any as-applied constitutional objections on appeal to the remaining conditions. We therefore address Hebert's overbreadth constitutional challenge to the electronic search condition only to the extent that it " 'present[s] [a] "pure question[ ] of law that can be resolved without reference to the particular sentencing record developed in the trial court." ' " (*Sheena K.*, *supra*, 40 Cal.4th at p. 889.) Here, although Hebert claims to be making a facial constitutional challenge of the electronic search condition, a closer reading of his argument belies this assertion.

For example, Hebert claims the electronic search condition is overbroad because "nothing in the record demonstrates electronic storage devices were used in any current offense. Nor is there any evidence of any tendency for [Hebert] to use electronic storage devices for criminal purposes." Hebert also insists the electronic search condition is too extensive "based on the facts of this case." These arguments do not present pure questions of law that we can address despite Hebert's failure to object below. Instead, Hebert is explicitly referring us to the evidence in this case. As such, Hebert is not raising a facial constitutional challenge to the electronic search condition and has

9

forfeited his overbreadth argument.[3]  (See *Sheena K*, *supra*, 40 Cal.4th at p. 889; *Welch*, *supra*, 5 Cal.4th at p. 230.)

## II

## THE IMPLEMENTATION OF CERTAIN FEES

Hebert next contends that, under Assembly Bill 1869 (2019-2020 Reg. Sess.), we should modify the order granting probation by striking the probation fees (Pen. Code, § 1203.1, subd. (b)), the court appointed attorney fee (Gov. Code, §§ 27712, 27753; Pen. Code, §§ 987.4, 987.5, 987.8, 987.81), and the criminal justice administration fee (Gov. Code, § 29550).  To the extent the trial court actually imposed these fees, the People concede they should be stricken.  In addition, Hebert argues the probation order and minute order from the sentencing hearing do not accurately reflect the entirety of the trial court's pronouncement of judgment.  The People agree there is some confusion in the record regarding the pronouncement of judgment and are amenable to the correcting the probation order to reflect the oral pronouncement of the court.

Assembly Bill 1869 (2019-2020 Reg. Sess.) was signed into law in September 2020 and became operative on July 1, 2021.  The bill repeals the authority to collect various fees contingent upon a criminal arrest, prosecution, or conviction for the cost of administering the criminal justice system.  (See Stats. 2020, ch. 92, §§ 11, 62.)  The bill makes the unpaid balance of these court-imposed costs, including the fees at issue in this case, unenforceable and uncollectible, and requires that any portion of a judgment

---

[3]     We acknowledge that Hebert claims there was "no basis for authorizing" the electronic search condition . . . "on its face."  However, Hebert does not sufficiently articulate this argument in his briefs.  Rather, he simply asserts that the probation condition is overbroad.  He does not explain why the electronic search condition is unconstitutionally overbroad on its face.

imposing such costs be vacated.  (See Assembly Bill 1869; § 1465.9, subds. (a) & (b) [operative July 1, 2021]; Gov. Code, § 6111, subds. (a) & (b) [same].)

Specifically, as relevant to this appeal, the probation fee, the court appointed attorney fee, and the criminal justice administration fee are now unenforceable and uncollectable.  (See Pen. Code, § 1465.9, subd. (a); Gov. Code, § 6111, subd. (a).)  The superior court appears to have explicitly waived the probation fees and court appointed attorney fees.  Yet, on the order granting formal probation, the box for probation costs is checked, but so is the box stating these costs were stayed.  In addition, the boxes for the court appointed attorney fees also were checked, but then they were crossed out. As the court did not impose the probation fees or the court appointed attorney fees, no action is needed under Assembly Bill 1869.  That said, the criminal justice fee imposed under Government Code section 29550 is no longer enforceable or collectable.  (See Gov. Code, § 6111, subd. (a).)  Thus, that fee should be stricken from the probation order.

In addition, the superior court stayed all fees pending an ability to pay hearing.  Hebert maintains the probation order and the March 24, 2021 minute order do not adequately reflect this portion of the court's oral pronouncement.  "Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls." (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385.)  To avoid any confusion, we direct the superior court to ensure that the probation order accurately reflects the court's oral pronouncements at the sentencing hearing and is consistent with this opinion.  Such corrections include making clear that the probation fees and court appointed attorney fees have been waived.  (See *People v. Mitchell*

11

(2001) 26 Cal.4th 181, 185 ["Courts may correct clerical errors at any time, and appellate courts . . . that have properly assumed jurisdiction . . . [can] [order] correction of abstracts of judgment that [do] not accurately reflect the oral judgments of sentencing courts"].)

## DISPOSITION

Any portion of the $154 criminal justice administration fee imposed under Government Code section 29550 unpaid as of July 1, 2021 is stricken. The matter is remanded to the superior court with directions to amend the order granting formal probation to reflect the striking of any balance of the fee imposed pursuant to former Government Code section 29550 that remains unpaid as of July 1, 2021. In addition, the court is to ensure that the order indicates that the probation fees and court appointed attorney fees have not been imposed. Finally, the court is ordered to make sure the order granting formal probation reflects that the remaining fees and fines have been stayed pending an ability to pay hearing. The judgment is affirmed as modified.

HUFFMAN, Acting P. J.

WE CONCUR:

O'ROURKE, J.

DATO, J.

12